In re Adoption of Christine DAVIS,
an infant.

Bethel B. WHITE and Leona M. White
(Petitioners), Appellants,

v.

Walter L. BRADY, Guardian ad litem,
Respondent.

No. 29307.

St. Louis Court of Appeals.

Missouri.

Dec. 20, 1955.

Ben J. Weinberger, St. Louis, for appellants.

Walter L. Brady, St. Louis, for respondent.

WOLFE, Commissioner.

This is an appeal from the Juvenile Division of the Circuit Court of the City of St. Louis. Bethel B. White and Leona M. White, his wife, sought to adopt a one-

year old female child. The court, after a hearing, denied the petition and dismissed it without prejudice. From the decree dismissing the petition the petitioners have appealed.

The petitioners alleged in their petition for adoption that a female child born out of wedlock to Mary Schrock in the state of Oregon on the 26th day of November, 1953, was left with them by its natural mother when it was three weeks old. The father of the child was the son of the petitioners and the petitioners assumed responsibility of the child's care and custody. Both the mother and father of the child consented to the adoption.

The court appointed a guardian ad litem, who, by answer, asserted that he had investigated the facts alleged in the petition and that he had found the petitioners to be persons of good moral character, with sufficient income to maintain and educate the child and that the welfare of the child would be promoted by the adoption.

Petitioner White testified that he. was forty-six years of age. He stated that his son, William P. White, the father of the child, was in the United States Army. He also testified that he was financially able to care for the child, afford it a home, education and religious training. His wife testified that they both wanted to adopt the child and that it had been in their custody for a year at the time of the hearing. The child had been given the name of Christine Davis by its natural parents so that their identity would not be known.

The probation officer of the court, who had made an investigation, stated that she had reported to the court in writing that the petitioners were suitable to adopt the child. She had visited their home, which they owned, and had letters from White's doctor and employer stating that he was in good health. She said that from her investigation she would recommend the adoption.

The court called the guardian ad litem's attention to the fact that there had been no court order transferring custody of the child to the petitioners and the guardian replied that he did not think it was necessary under the facts presented. The court then took the case as submitted and later dismissed the petition without prejudice.

The sole question raised by this appeal is whether or not the court erred in dismissing the petition for adoption because the petitioners had failed to comply with Section 453.110 RSMo 1949, V.A.M.S., relating to the transfer of custody of children. The section is as follows:

"1. No person, agency, organization or institution shall surrender custody of a minor child, or transfer the custody of such a child to another, and no person, agency, organization or institution shall take possession or charge of a minor child so transferred, without first having filed a petition before the circuit court sitting as a juvenile court of the county where the child may be, praying that such surrender or transfer may be made, and having obtained such an order from such court approving or ordering transfer of custody.

"2. This section shall not be construed to prohibit the placing of a child in a family home for care by any parent, agency, or organization or institution, if the right to supervise the care of the child and to resume custody thereof is retained. If any such surrender or transfer is made without first obtaining such an order, such court shall have the right on petition of any public official or interested person, agency, organization, or institution, to inquire into the facts and to make such order as to the custody of such child as may be for the best interests thereof."

This section is a part of a complete adoption code and its various sections, 453.010–453.170, must be construed together in accordance with the manifest intention of the Legislature. In re Adoption of Sypolt, 361 Mo. 958, 237 S.W.2d 193; In re McAvoy's Adoption, 237 Mo.App. 1099,

173 S.W.2d 108; In re Adoption of Siler, 240 Mo.App. 1097, 225 S.W.2d 379.

■ It appears quite obvious that it was the intention of the Legislature to lay down a rule whereby the custody of a child could not be transferred at the will or whim of an individual in charge of it, but, on the contrary, a transfer of custody of a child must have the sanction of a court given by an order approving such transfer.

■ As to the relation of this section to the other sections mentioned, Section 453.080 provides that upon a hearing of the petition for adoption the court must be satisfied that the allegations of the petition are true, and that if the person sought to be adopted is a minor such person must have been in the lawful and actual custody of the petitioner for a period of at least nine months prior to the entry of the decree. Lawful custody under the statute could only be custody obtained by compliance with the law. Consequently no decree should be granted unless it appears that at least nine months prior to the decree a court of competent jurisdiction has awarded custody of the child to the petitioners and that they have had actual custody for at least nine months immediately preceding the decree. In re Adams, Mo., App., 248 S.W.2d 63.

The appellants maintain that they had lawful and actual custody and cite two cases which they consider in support of their petition. The first of these is In re Duren, 355 Mo. 1222, 200 S.W.2d 343, 170 A.L.R. 391. This case did not rule upon the point before us but dealt with the venue of the adoption action and the effect of a want of consent to the adoption by a guardian appointed by another court. The second case, In re Adoption of Siler, 240 Mo.App. 1097, 225 S.W.2d 379, construes Section 453.110 as it applies to the facts in that case. There the petitioners for the adoption were the real mother and stepfather of the child sought to be adopted. The child's father was dead and she had lived for the required time with her mother and stepfather. The mother, of course, had legal custody at all times and the court held that the statute had no application in such cases to the stepfather, as it could not be said that he was in unlawful custody of his stepchild, who, with her mother, lived with him and enjoyed his support and protection. We have no such facts here as neither petitioner has any natural right to the child whose parents are both living.

■ It appears, however, that the court overlooked that part of Section 453.110, which provides: "If any such surrender or transfer is made without first obtaining such an order, such court shall have the right on petition of any public official or interested person, agency, organization, or institution, to inquire into the facts and to make such order as to the custody of such child as may be for the best interests thereof." The matter of the custody of a child is an inherent part of any adoption proceeding. While the petition seeks only to adopt Christine Davis, the petitioners who had her actual custody were certainly interested in obtaining legal custody of the child. The matter of legal custody of the child was therefore brought to the attention of the court by an interested party in a manner sufficient to invoke the quoted portion of the statute. The court should have made an order respecting the transfer of custody after having determined that the surrender and transfer previously made was done without an order of the court. If in the opinion of the court the petitioners were proper custodians of the child, the court should have granted them custody and held in abeyance any action upon the petition to adopt until the lapse of the required nine months. For this reason the petition should be reinstated so that the court may make a proper order in respect to the custody of the child and the consideration of the adoption should be deferred.

It is therefore the recommendation of the Commissioner that the judgment of dismissal be reversed and the cause remanded to the circuit court for further pro-

ceedings in accordance with the views herein expressed.

PER CURIAM.

The foregoing opinion of WOLFE, C., is adopted as the opinion of the court.

The judgment of dismissal is accordingly reversed and the cause remanded in accordance with the recommendation of the Commissioner.

ANDERSON, P. J., MATTHES, J., and SAM C. BLAIR, Special Judge, concur.