544 P.2d 1131

FINANCIAL ASSOCIATES, INC., an
Arizona Corporation, Appellant,

v.

R & R REALTY CO., a corporation, Ruth T.
Fickett, Wildon Fickett and Ella Mae Fick-
ett, husband and wife, Pioneer National
Title Insurance Company and Pioneer Na-
tional Trust Company of Arizona as Trus-
tee under Trust No. 10,951, Appellees.

No. 2 CA–CIV 1897.

Court of Appeals of Arizona,
Division 2.

Jan. 9, 1976.

Rehearing Denied Feb. 4, 1976.

Review Denied March 9, 1976.

Miller, Pitt & Feldman, P. C., by David
J. Leonard, Tucson, for appellant.

Robertson, Molloy, Fickett & Jones, P.
C., by John F. Molloy and Michael J. Mee-
han, Tucson, for appellees, R & R Realty
Co., and Fickett.

Holesapple, Conner, Jones & Johnson, by
G. Marshall Jones, Tucson, for appellee,
Pioneer National Title Ins. Co.

Robert C. Stubbs & Associates, P. C., by
Charles L. Townsdin, Jr., Tucson, for ap-
pellee, Pioneer Nat. Trust Co. of Arizona.

OPINION

HATHAWAY, Judge.

Appellant asserts that Pioneer National
Trust and Pioneer National Title Insur-
ance Company are a single corporation, or
that one is the subsidiary of the other.
Appellant argues that since Pioneer Title
was the escrow agent, it should have
known the deed was intended as security,
and that notice to Pioneer Title was notice
to Pioneer Trust. Therefore, Pioneer
Trust purchased with notice of appellant's
claim.

Financial Associates brought suit assert-
ing that the deed was intended as security
and asking the court to allow redemption.
It also sought damages from Pioneer Title.
The lower court granted summary judg-
ment for all defendants, and this appeal
followed.

Appellant asserts two claims against Pi-
oneer Title. The first is that Pioneer Ti-
tle wrongfully recorded the deed. The sec-
ond claim is that Pioneer Title issued a ti-
tle insurance policy to Pioneer Trust when
it should have known that there was an eq-
uitable mortgage. Appellant states that
had Pioneer Title not issued the policy, the
property probably would not have been
sold.

■ Both claims are without merit. Pioneer Title did not act improperly in recording the deed. It followed the written instructions signed by both Financial Associates and R & R Realty. Pioneer Title had no duty to investigate the true intentions of the parties.

■ At the time the deed was recorded, the escrow relationship ended. Pioneer Title had no further duty to appellant. Although it is possible that Pioneer Trust could collect on the title insurance policy if the deed were declared a mortgage, appellant cannot recover. Pioneer Title owed no duty to Financial Associates after the escrow relationship terminated.

■ The claims asserted against the other appellees are equitable. Without deciding whether or not appellant was ever entitled to redeem, we hold that it lost any rights it may have had by its long inaction. Although the deed was filed September 28, 1970, appellant did not institute this action until July 3, 1973, almost three years later, and more than two years after the property was resold. It is interesting to note that appellant would have had only six months to redeem. See A.R.S. Sec. 12–1282.

Appellant did have an alternative to tendering the full amount of the mortgage debt. It could have sought a declaratory judgment stating that Financial Associates had an equitable mortgage and setting a redemption period. This was done in *Beeler v. American Trust Co.,* 24 Cal.2d 1, 147 P.2d 583 (1944) and *Clark-McWilliams Coal Co. v. Ward,* 185 Ark. 237, 47 S.W.2d 18 (1932). It was not necessary for appellant to wait so long.

■ The two elements of laches are (1) lack of diligence on the part of the plaintiff and (2) injury to the defendant. *Meyer v. Warner,* 104 Ariz. 44, 448 P.2d 394 (1968) is an analogous case. There plaintiffs leased property from Mr. and Mrs. Gottlieb with a right of first refusal should the property be sold. Plaintiffs learned February 25, 1959 that a half interest in the land had been sold to Mr. and Mrs. Meyer. Later, Mrs. Meyer purchased Gottlieb's remaining interest. Plaintiffs did nothing until 16 months after they were notified of the first sale. Sixteen months was held by our Supreme Court to be an unreasonably long delay because the property was appreciating rapidly. The court stated:

"Lessees could not equitably sit back and wait for the land to increase in value before deciding whether to purchase it." 104 Ariz. at 48, 448 P.2d at 398.

In the present case the land sold in 1969 for $330,000 and in 1971 for $350,000. One of the trust beneficiaries valued it between $800,000 and $1,200,000. Appellant cannot be allowed to wait and see what happens to the property, deciding to redeem after it has greatly increased in value, and when he has finally raised the money.

This long delay in bringing suit was prejudicial to all the defendants, especially since the property had changed hands. Here we have both a lack of diligence on the part of the appellant and prejudice to the appellees.

Affirmed.

HOWARD, C. J., and KRUCKER, J., concurring.