565 P.2d 1312

Gilberto S. LEON and Mary G. Leon, Appellants,

v.

Julia M. BYUS, Widow of George A. Byus, Jr., as Personal Representative of the Estate of George A. Byus, Jr., Appellee.

No. 2 CA–CIV 2350.

Court of Appeals of Arizona, Division 2.

April 14, 1977.

Miller, Pitt & Feldman, P. C. by Carter Morey, Tucson, for appellants.

Gerald Sweeney, Tucson, for appellee.

## OPINION

HOWARD, Chief Judge.

Appellants, the defendants below, bring this appeal to challenge the trial court's judgment that they should be removed from possession of a piece of real property which the court found belonged to appellee, plaintiff below.

The applicable facts are as follows: On May 15, 1953, the appellants and appellee entered into a contract for the sale of real estate. The contract provided that appellants pay a total of $6,150.29 for the residential property, assuming payments on a first mortgage in the amount of $2,454.77, on a second mortgage in the amount of $1,250.00 and pay the remaining balance on the contract in monthly installments beginning June 15, 1953. Appellants made payments on the first mortgage to Tucson Federal Savings and Loan Association until the mortgage was satisfied in June 1962. They also made approximately eight payments on the second mortgage and that mortgage obligation was settled by compromise in December 1967. Appellants also made some payments on the contract debt to the appellee after May 1953 and before the spring of 1954. The last payment on the contract was made by appellants to appellee sometime in the spring or summer of 1954, no payment having been made on the con-

tract since that time. Mr. Leon, informed appellee's husband that he could not make the payments on the property at that time. The appellants occupied the house continuously since May 1953, have paid the property taxes continuously since 1953 and made improvements to the property.

In May 1974, appellee filed suit against appellants seeking to terminate their interest in the property and to remove them from possession. Appellants asserted the statute of limitations under A.R.S. § 12–526 as a defense to the claim as well as laches and filed a counterclaim in adverse possession. Appellants on appeal claim the trial court erred since appellee's claim was barred by the statute of limitations or by laches and that they were entitled to judgment as a matter of law. We do not agree.

■ A.R.S. § 12–526 mandates that the person in possession of the real property for the statutory period express an "adverse" interest. "Adverse" or "hostile" as applied to possession of realty does not connote ill will or evil intent, but merely a showing that the one in possession of the land claims exclusive rights thereto and denies by word or act the owner's title. *Tenney v. Luplow*, 103 Ariz. 363, 442 P.2d 107 (1968); *Rorebeck v. Christe*, 1 Ariz.App. 1, 398 P.2d 678 (1965). As a general rule, a possession in its inception permissive, or otherwise not hostile, does not become hostile without a clear disclaimer of the true owner's title and a claim of adverse right brought home to him. *Gospel Echos Chapel, Inc. v. Wadsworth*, 19 Ariz.App. 382, 507 P.2d 994 (1973). The trial record does not show a definite disclaimer of appellee's rights in the property. There was testimony Mr. Leon had suffered a work-related injury in 1954 and had told appellee's husband that he had no money to pay him then; and that appellee's husband told him he could hold off since he was not pressed for the money and could wait. Mr. Leon also testified that he attempted to mortgage the property in 1974 and that some of the proceeds he would have obtained from the mortgage loan would have gone towards paying off the contract with appellee. The testimony shows that appellants were never in adverse possession of the property since they were permitted to stay there without paying, and never asserted any adverse right to the property, but rather always recognized their interest as subservient to that of appellee.

■ Appellants' other claim is that laches bars the action which was filed more than twenty years after the default originated. Laches requires a lack of diligence on the part of the plaintiff and injury or prejudice to the defendant due to such lack of diligence. *Financial Associates, Inc. v. R & R Realty Co.*, 25 Ariz.App. 530, 544 P.2d 1131 (1976); *Longshaw v. Corbitt*, 4 Ariz. App. 408, 420 P.2d 980 (1966); *Decker v. Hendricks*, 97 Ariz. 36, 396 P.2d 609 (1964). Mere passage of time is not prejudice. *Weller v. Weller*, 14 Ariz.App. 42, 480 P.2d 379 (1971). Appellants argue that they have paid the property taxes for the twenty-year period and have made improvements to the property. The fact that the tax payments were made is not the sort of prejudice envisioned by the doctrine of laches. They lived in the home for twenty years, in effect rent free, and the fact that they made the tax payments is not "prejudicial". Laches deals with the situation where the rights of third persons are involved and the situation has materially changed for the defendant due to plaintiff's delay in asserting his rights. Payment of the taxes has not created such a situation. However, the argument with regard to the improvements is more noteworthy. As stated in 27 Am.Jur.2d, Equity § 171:

> "Where the suit has arisen out of a sale or conveyance of real estate, the issue as to prejudice vel non may be determined in view of a showing as to whether the value of the property in dispute has changed during the period of the complainant's default. If the value of the land has not materially changed, it may be concluded that the defense of laches is not established. [footnotes omitted]"

However, the testimony before us shows that the premises were purchased in 1954 for $6,150.29 and appellants testified that the market value of the property in 1975 was less than $6,000 despite the improvements alleged to have been made. We do not believe that the defense of laches was adequately shown to bar the claim.

Judgment affirmed.

HATHAWAY and RICHMOND, JJ., concur.