OPINION
HOWARD, Chief Judge.
In 1972 the Schumachers entered into a retail installment contract with Livin’ Easy Mobile Sales, Inc. for the purchase of a mobile home. The contract was assigned to Mobile Discount Corporation, which in turn assigned its interest to the Mission Bank. In assigning the contract, Mobile Discount agreed to act as guarantor for the Schumacher’s obligation.
In June 1973 the Schumachers decided they could no longer make the payments on the mobile home. Mr. Schumacher contacted the manager at Livin’ Easy who, according to Schumacher’s testimony, told him there would be no problem with his returning the mobile home. His understanding at that time was that he would not be obligated to make any more payments. Shortly thereafter, Max Morgan, who was then secretary of Mobile Discount, directed Livin’ Easy to pick up the mobile home. From 1973, when the mobile home was picked up, until 1980, Mobile Discount had possession of the mobile home, storing it first at Livin’ Easy in Tucson and then moving it to a lot in Phoenix owned by Gulf Homes, of which Max Morgan was president. During this time, Mobile Discount made the payments to Mission Bank. In 1976 Mobile Discount filed the complaint in this action, seeking reimbursement for the payments it made as guarantor. The Schumachers counterclaimed, alleging conversion of the mobile home and damages to a porch that were incurred when the mobile home was removed. The trial court awarded the Schumachers $5,000 on their conversion claim and awarded Mobile Discount $3,494.53 for the payments it made as guarantor and $750 for legal fees.
Conversion is defined in the Restatement (Second) of Torts Sec. 222A(1) as:
“an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel.”
The Restatement further states at § 228:
“One who is authorized to make a particular use of a chattel, and uses it in a manner exceeding the authorization, is subject to liability for conversion to an *18 other whose right to control the use of the chattel is thereby seriously violated.”
While the Schumachers voluntarily relinquished possession of the mobile home in question, they did so on the understanding that they would be relieved of the responsibility of making further payments. Mobile Discount knew of this purpose. While Mobile Discount later informed the Schumachers that they were still liable for the payments, there is no evidence that they were informed of their right to possession of the mobile home or of its location. When Mobile Discount found itself unable to deal with the home in a manner which would relieve the Schumachers of their liability for payment, they exceeded their authorized use of the chattel and became obligated at that time to notify the Schumachers of this so that the Schumachers could make the appropriate protective arrangements. This Mobile Discount failed to do.
Mobile Discount claims that as it was not the agent of Livin’ Easy Mobile Sales, Inc., it was not, therefore, bound by Livin’ Easy’s representations to the Schumachers that the responsibility for the payments would abate. However, agency is not necessary for the tort of conversion. The Restatement (Second) of Torts, § 892B(2) states:
“If the person consenting to the conduct of another is induced to consent by a substantial mistake concerning the nature of the invasion of his interests or the extent of the harm to be expected from it and the mistake is known to the other or is induced by the other’s misrepresentation, the consent is not effective for the unexpected invasion or harm.”
As Mobile Discount knew of the circumstances under which it came into possession of the home, its continued possession was without valid consent. The trial court did not err in finding Mobile Discount liable for conversion.
The Schumachers cross appeal from the award for the payments Mobile Discount made as guarantor. They argue that the claim is barred by laches, equitable estoppel, accord and satisfaction, res judicata, release and waiver, and misrepresentation. All of these defenses rest on factual determinations and on appeal we will consider the evidence in a manner most favorable to upholding the trial court’s decision that the defenses were not established. Dietel v. Day, 16 Ariz.App. 206, 492 P.2d 455 (1972).
Laches is a defense when lack of diligence on the part of the plaintiff results in injury or prejudice to the defendant. Mere passage of time does not amount to the required prejudice. Leon v. Byus, 115 Ariz. 451, 565 P.2d 1312 (App.1977). The Schumachers do not explain how they were prejudiced by the three-year delay in filing the complaint. Laches did not bar Mobile Discount’s claim.
To establish equitable estoppel, the defendant must show (1) conduct by the plaintiff inconsistent with the claim it after-wards relies on; (2) action by the defendant in reliance on the plaintiff's conduct; and (3) injury resulting from the plaintiff’s repudiation of its conduct. Holmes v. Graves, 83 Ariz. 174, 318 P.2d 354 (1957). The Schumachers point to a letter written to their attorney on October 1, 1973, by Mobile Discount’s attorney as estopping Mobile Discount’s reimbursement claim. The letter informed them that Mobile Discount had a prospective purchaser for the mobile home, and further stated:
“This letter ... is official notification ... of this proposed disposition and an offer by my client for him to retake possession of the unit in question by affirmatively coming forward with his back payments placing his account on a current status. The foregoing disposition will be made at anytime following ten days from the date of this letter.”
There was no evidence that the Schumachers were informed that the proposed sale had fallen through until 1976. The Schumachers argue that Mobile Discount’s position, as expressed in the letter, was that they would be relieved of any further obligation with respect to the mobile home if *19 they failed to come forward within the ten days. Assuming arguendo that this reading of the letter was justified, the trial court could have found that the Schumachers did not show any conduct on their part in reliance thereon. They argue it induced them not to bring their account current. The evidence supports a finding, however, that they were not making the payments because of their understanding of the agreement with the Livin’ Easy manager or because their attorney had told them they had no further obligations.
The Schumachers contend that the defense of accord and satisfaction arises at two points, when the manager of Livin’ Easy agreed to the return of the mobile home and when they failed to bring their account current after receiving the letter written on October 1, 1973. They are arguing, in essence, that they had reached a contractual agreement with Mobile Discount at one of those two points to relinquish their rights in the mobile home in exchange for being relieved of any obligations. This argument conflicts with their claim of conversion, which rests on their continued right to possess the mobile home. There was evidence from which the trial court could have found that neither party intended at the time the result now argued by the Schumachers.
In July 1973 Mobile Discount filed a complaint against the Schumachers in justice court for three month’s payments it alleged it had made on the mobile home on their behalf. This complaint was dismissed with prejudice in November 1973. In the action sub judice, Mobile Discount is only seeking damages that accrued after the dismissal of the justice court action. The Schumachers argue that the dismissal of the earlier suit bars any further recovery under the principles of res judicata or collateral estoppel, but they fail to show the grounds on which the justice court action was dismissed. Therefore, they have not met their burden of showing that the determinative issues in this action were actually or necessarily included in the earlier action. See Pierpont v. Hydro Manufacturing Co., Inc., 22 Ariz.App. 252, 526 P.2d 776 (1974).
The Schumachers state that the conduct of Mobile Discount after the justice court action also constitutes a release and waiver. They make no arguments and cite no authority, in support of this statement. ■There was no evidence that, by the dismissal of the justice court action for reimbursement for three months’ payments, Mobile Discount was either agreeing to release the Schumachers from their liability for future payments or intentionally relinquishing its right to reimbursement.
The Schumachers assert that Mobile Discount’s misrepresentations also constitute a defense to its claim. The evidence shows that Mobile Discount informed them at least twice, in 1973 and 1976, that they were still obligated to make the monthly payments. The Schumachers have cited no authority for the proposition that Mobile Discount’s silence between those two dates amounted to a material misrepresentation. Moreover, under these facts, the trial court was not compelled to find scienter, Mobile Discount’s intent that the Schumachers rely on its silence, or reliance in fact.
Finally, the Schumachers contend that the trial court erred in not allowing them to recover for the damage to their porch when the mobile home was removed. Assuming arguendo that they would otherwise have been entitled to recover, the Schumachers failed to meet their burden of proving the amount of damages. Mr. Schumacher testified that the porch had cost $1,100 new and he was able to salvage only $50 worth of material from the wreckage. On cross-examination, he explained that he got $50 worth of salvage and then the rest was stolen. It would be impossible, from the evidence, to determine with reasonable certainty the amount of damage attributable to Mobile Discount. Therefore, the trial court did not err in denying the Schumachers recovery. See Dobbs, Handbook on the Law of Remedies 150-151 (1973).
Affirmed.
HATHAWAY and BIRDSALL, JJ., concur.