NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

BRADLEY BLANSETTE,
*Plaintiff/Appellant*,

v.

JEAN CRUGER, et al.,
*Defendants/Appellees*.

No. 1 CA-CV 21-0579
FILED 8-16-2022

Appeal from the Superior Court in Maricopa County
No.  CV2019-054911
The Honorable Theodore Campagnolo, Judge

**AFFIRMED**

COUNSEL

Bradley Blansette, Scottsdale
*Plaintiff/Appellant*

Sacks Tierney, PA, Scottsdale
By Michael J. Harris, Randy Nussbaum
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Randall M. Howe joined.

---

**M O R S E**, Judge:

¶1        Bradley Blansette appeals the superior court's grant of summary judgment to Jean Cruger.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2        Cruger is Blansette's mother.  In 2004, she purchased a property in Scottsdale, Arizona (the "Property").  Blansette paid around half of the down payment (about $18,000) and began living at the Property.  The parties agreed that Blansette would make the mortgage payments and, once the mortgage was paid, become the Property's sole owner.  Title to the Property was solely in Cruger's name, but Blansette claims that he and Cruger were partners and agreed, before the purchase, to be co-owners of the Property until the mortgage was fully satisfied.

¶3        Blansette lived at the Property and made the mortgage payments from the fall of 2004 to the beginning of 2006.  In 2006, Blansette ceased making mortgage payments but continued to live at the Property.  Cruger paid the mortgage from 2006 onward.

¶4        In 2018, Cruger conveyed title of the Property to the R. Jean Blansette Cruger Living Trust via warranty deed.  Blansette then sent Cruger a quit claim deed, demanding that she convey an interest in the Property to him.

¶5        In late 2019, Blansette recorded a lis pendens on the Property.  Blansette also filed a complaint against Cruger, alleging fraud and constructive fraud and requesting the court enter declaratory judgment and quiet title to the Property in Blansette's favor, set aside the warranty deed, and issue an injunction, or alternatively impose an equitable lien or constructive trust.  Cruger counterclaimed, alleging Blansette recorded false and groundless documents and requesting the court quiet title to the Property in her favor.

**¶6**        Cruger later moved for summary judgment on all claims and counterclaims.  The superior court held oral argument and granted Cruger summary judgment.  Blansette moved the court to reconsider the ruling, but the superior court denied the motion.  Blansette timely appealed and we have jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

**¶7**        Blansette raises several challenges to the superior court's grant of summary judgment.  "We review de novo a grant of summary judgment, viewing the evidence and reasonable inferences in the light most favorable to the party opposing the motion." *Andrews v. Blake*, 205 Ariz. 236, 240, ¶ 12 (2003).  Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law."  Ariz. R. Civ. P. 56(a).  "We will affirm a grant of summary judgment if the trial court was correct for any reason." *Federico v. Maric*, 224 Ariz. 34, 36, ¶ 7 (App. 2010).

**¶8**        Arizona Rule of Civil Appellate Procedure ("ARCAP") 13 sets forth requirements for an appellate brief.  An appellant who fails to comply with ARCAP 13 can be found to have waived or abandoned their claims. *See Ritchie v. Krasner*, 221 Ariz. 288, 305, ¶ 62 (App. 2009); *Ramos v. Nichols*, 252 Ariz. 519, ---, ¶ 8 (App. 2022); *see also Flynn v. Campbell*, 243 Ariz. 76, 83, ¶ 24 (2017) (noting that courts hold unrepresented litigants to the same standards as attorneys).  Blansette's brief does not contain "a table of contents," "a table of citations," and only provides minimal "citations of legal authorities," "appropriate references to the . . . record" or "supporting reasons for each contention" presented for review. *See* ARCAP 13(a)(1),(2),(7).  However, in our discretion, we decline to find waiver, and address Blansette's arguments as best we understand them.

## I.    Evidence of Agreement and Declaratory Judgment.

**¶9**        Blansette asserts that the superior court erred in considering only the "Offer to Purchase," *i.e.*, the "alleged oral agreement to purchase the real property," ignoring other evidence, and declining to grant him declaratory judgment.  Blansette argues the money he contributed to the down payment to purchase the Property means that he "is most surely entitled to have had his name on the Title."

**¶10**        But the court granted summary judgment against Blansette on his requests to set aside the warranty deed, issue declaratory judgment, and quiet title to the Property "based on the application of the statute of frauds."  The court correctly determined that Blansette's claims were subject

to the statute of frauds. *See* A.R.S. § 44-101 (providing that no action shall be brought in any court upon an agreement for the sale of real property or an interest therein "unless the promise or agreement upon which the action is brought, or some memorandum thereof, is in writing and signed by the party to be charged"). Blansette does not dispute that any agreement made between the parties was an oral agreement. Although Blansette claims the superior court ignored evidence he presented, he does not provide any writing memorializing an agreement whereby he acquired an interest in the Property. Accordingly, the court properly granted summary judgment against Blansette on these claims.

## II.    Fraud and Statute of Limitations.

¶11         Blansette also argues the court erred in granting summary judgment on his fraud claim. The superior court found the statute of limitations barred his fraud claim because Blansette "knew or had reason to know that his name had not been included in the deed in 2004" and thus "the right to bring a lawsuit on that claim expired in 2006." Although Blansette claims that specific documents were not disclosed to him until 2019 and 2020, he admitted in his complaint and deposition that he knew in 2004 his name was not on the title and acknowledged in his response to summary judgment that he stopped paying the mortgage in 2006 "[a]fter two years of [Cruger] refusing to put [his] name on the title." Therefore, his claim had accrued no later than 2006. *See Gust, Rosenfeld & Henderson v. Prudential Ins. Co. of Am.*, 182 Ariz. 586, 588 (1995) (holding that a cause of action accrues when "the plaintiff knows or, in the exercise of reasonable diligence, should know the facts underlying the cause"); *Walk v. Ring*, 202 Ariz. 310, 319, ¶ 35 (2002) (holding that even if fraudulent concealment is established, "the statute of limitations is tolled [only] until such concealment is discovered, or reasonably should have been discovered" (internal quotation marks and citation omitted)). And the court did not err in granting summary judgment on this claim.

## III.    Constructive Fraud and Fiduciary/Confidential Relationship.

¶12         Blansette further argues the superior court improperly granted summary judgment on his constructive fraud claim and ignored the fiduciary relationship between the parties. The superior court granted Cruger summary judgment on Blansette's claim for constructive fraud "because he was unable to show the existence of a fiduciary or confidential relationship." *See Green v. Lisa Frank, Inc.*, 221 Ariz. 138, 156, ¶ 53 (App. 2009) (noting that a claim for constructive fraud requires a showing of a fiduciary or confidential relationship). The undisputed evidence is that

Cruger was not acting as Blansette's real-estate agent and "[a] parent-child relationship does not in itself give rise to a confidential or fiduciary relationship." *Eagerton v. Fleming*, 145 Ariz. 289, 291-92 (App. 1985). Blansette claims that he and Cruger were partners. *See Jerman v. O'Leary*, 145 Ariz. 397, 402 (App. 1985) ("A partner stands in a fiduciary relationship to his co-partner."). But there is no evidence that Blansette and Cruger associated to "carry on as co-owners a business for profit." A.R.S. § 29-1012(A); *see also* A.R.S. § 29-1012(C)(1) (noting that part ownership in a property "does not by itself establish a partnership, even if the co-owners share profits made by the use of the property"); *Cook v. Orkin Exterminating Co.*, 227 Ariz. 331, 334, ¶ 15 (App. 2011) ("The law does not create a fiduciary relation in every business transaction involving one party with greater knowledge, skill, or training, but requires peculiar intimacy or an express agreement to serve as a fiduciary."). Therefore, Blansette has not shown the existence of a fiduciary or confidential relationship, and the superior court did not err in granting summary judgment on this claim.

## IV.  Adverse Possession.

¶13        Blansette finally claims the superior court erred in determining that he "did nothing to show an adverse possession." To succeed on a claim for adverse possession, a claimant "must show that his . . . possession of the property was actual, visible, and continuous for at least ten years and that it was under a claim of right, hostile to the claims of others, and exclusive." *Spaulding v. Pouliot*, 218 Ariz. 196, 203, ¶ 25 (App. 2008). Initially, Blansette was a permissive occupant with "the right to live in the house without paying rent." However, Blansette argues that, once he stopped paying the mortgage, "a hostile situation developed." We disagree because hostility requires "a showing that the one in possession of the land claims exclusive rights thereto and denies by word or act the owner's title." *Leon v. Byus*, 115 Ariz. 451, 453 (App. 1977); *see also Spaulding*, 218 Ariz. at 201, ¶ 15 (noting that once permissive use is established, "any subsequent use is presumed to have remained permissive" unless successive "actions indicated to the owner that the use had become hostile and under a claim of right"). Blansette has not made such a showing because he never asserted that he had exclusive rights to the Property. Thus, the superior court did not err in its ruling on adverse possession.

## V.  Attorney Fees.

¶14        Cruger requests an award of attorney fees under A.R.S. §§ 33-420, 12-341.01, 12-1103(B), and 12-349. We award Cruger her reasonable attorney fees under A.R.S. § 12-341.01 upon compliance with ARCAP 21.

## CONCLUSION

¶15        For the forgoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA