248 S.W.2d 63 (1952)
In re ADAMS.
No. 28389.
St. Louis Court of Appeals. Missouri.
April 15, 1952.
*64 Albert E. Hausman, Patrick A. Marcella, St. Louis, for appellant.
David V. Campbell, St. Louis, Mo., for respondents.
HOUSER, Commissioner.
This is an appeal from the judgment of the Circuit Court of the City of St. Louis, Juvenile Division, dismissing the petition of Anna Brown to adopt Karen Ann Adams, a minor.
This child was the subject of controversy in a habeas corpus proceeding previously decided by this court. Adams v. Brown, Mo.App., 237 S.W.2d 232. She was born August 8, 1944 of the marriage of Carl H. Adams and Sarah Adams. In 1945 Sarah Adams procured a divorce from her husband. In the divorce proceedings the custody of Karen Ann was awarded to the mother, Sarah Adams. Subsequently in a proceeding filed by Anna Brown for the purpose of adopting Karen Ann (in which the written consent of Sarah Adams was filed) the Juvenile Division of the Circuit Court decreed the adoption, awarding the custody of the child to Anna Brown notwithstanding that no notice of the adoption proceedings had been served on the father, Carl H. Adams. In Adams v. Brown, supra, we ruled that because of the lack of notice the decree of adoption was not conclusive upon the father, Carl H. Adams, but was void in so far as his rights were concerned, and we ordered Anna Brown to deliver Karen Ann to Carl H. Adams. Anna Brown (who had enjoyed the custody of the child since November 19, 1945, the date of the first adoption decree) obeyed our order on March 23, 1951, the day on which we overruled the motion for rehearing. On the same day Anna Brown filed another petition for the adoption of Karen Ann alleging, among other things, that she had had the lawful and actual custody of the child since the year 1945. The parents, Carl H. and Sarah Adams, who were remarried in November, 1947, filed answers denying that Anna Brown had ever had the lawful and actual custody of the child. Between March 23, 1951 and July 26, 1951, the date of the hearing in the Juvenile Division on the petition for adoption, Carl H. and Sarah Adams had continuous custody of the child.
These matters having been stipulated at the hearing, the Juvenile Division of the Circuit Court sustained an oral motion to dismiss the petition for adoption. Her motion for a new trial having been overruled, petitioner Anna Brown appeals from the judgment dismissing the cause.
The question for decision is whether Karen Ann Adams on July 26, 1951 had "been in the lawful and actual custody" of Anna Brown "for a period of at least nine months" within the requirement of RSMo 1949 § 453.080, V.A.M.S.
Appellant Anna Brown answers in the affirmative, contending that (1) her custody of the child was lawful because it was based upon the 1945 decree of adoption which was valid in so far as the mother of the child is concerned, based as it was on a written consent executed by her which it is claimed is still effective because never revoked *65 in the manner required by RSMo 1949 § 453.050, subsection (2), V.A.M.S.; and was actual because the entire custody of the child and responsibility for its care, support and well-being rested on her until March 24, 1951; that petitioner's surrender and delivery of the child to the father in compliance with the order of this court in the habeas corpus case was compulsory, involuntary and independent of any consent on her part and therefore should not be held to interrupt or break her "lawful and actual" possession and custody, because the law does not require petitioner to do an unlawful or impossible thing; (2) that the 9-month period prescribed in § 453.080, supra, does not necessarily mean the 9 months next preceding the date of the decree, but that custody during any 9-month period prior thereto is sufficient; and (3) that the petition of Anna Brown is not to be denied on the ground that she did not procure a formal order of court obtaining the custody of Karen Ann under RSMo 1939 § 9616, or RSMo 1949 § 453.110, V.A.M.S.
Respondents on the other hand assert that petitioner's custody of the child was illegal, as declared by this court in voiding the previous adoption; that petitioner's custody of the child was not actual, since it was stipulated that respondents had the actual custody at the time of hearing and continuously for 4 months prior thereto; that the consent of Sarah Adams in the previous adoption case is without significance because "that proceeding and all its intendments had been held void"; that no evidence of the giving of that consent was shown in the case at bar; and that in any event Sarah Adams filed a formal revocation of her consent. Respondents further join issue with appellant on her contentions (2) and (3), supra.
We are of the opinion that in so far as the father, Carl H. Adams, is concerned petitioner had neither the lawful nor the actual custody of the child after March 23, 1951.
That petitioner did not have the lawful custody of the child, and that Carl H. Adams did have the lawful right thereto, after March 23, 1951 is the necessary and inevitable consequence of our decision in Adams v. Brown, supra, in which we ruled in favor of Carl H. Adams and against petitioner in a habeas corpus action in which the legality of the detention of this child was the principal issue. That petitioner did not have the actual custody of the child after March 23, 1951 was conceded at the hearing.
We cannot follow appellant's insistence that her surrender of the child under the compulsion of a court decree did not interrupt her actual custody of the child. The surrender of the custody of the child in obedience to legal process was nonetheless actual even though it was involuntary. "Actual" custody as that term is used in the statute means custody in fact, connotes control or the right to control, and includes the element of physical possession or the right thereto, as well as responsibility for the care, maintenance and protection of the child. It does not embrace fictitious or constructive custody.
Appellant misconceives the effect of the 1945 adoption decree. Even though that decree binds Sarah Adams, who is one of the adversary parties to this proceeding, Child Saving Institute v. Knobel, 327 Mo. 609, 37 S.W.2d 920, loc. cit. 926, 76 A.L.R. 1068, it was void as to Carl H. Adams, the other adversary party. The detention of a child both of whose parents are living is not "lawful" within the meaning of § 453.080, supra, where the rights of one parent, regardless of the other, have not been terminated by an adoption proceeding.
The fact that Sarah Adams gave her written consent to the 1945 adoption is of no consequence in the determination of the precise question now before the court for the selfsame reason, namely, that the legality of the detention of a child by an adopting foster parent depends not alone upon the termination of the parental rights of the mother but also must be grounded upon the extinguishment of the parental rights of the father.
The words "for a period of at least nine months prior to the entry of the adoption decree" appearing in § 453.080, supra, refer to the 9-month period immediately before (i. e. next preceding) the entry *66 of the adoption decree. One of the salutary objects of the General Assembly in lately introducing this new requirement into the adoption laws was to provide a sufficiently long period prior to the adoption hearing to allow the foster parents and the child sought to be adopted to become thoroughly adjusted to each other in the prospective home and to provide time for investigation so that the court at the hearing may be fully informed as to the advisability of making the temporary placement permanent. The time period specified refers to the period immediately preceding the hearing. It was not intended that any 9-month period in the child's past life should suffice.
Anna Brown having had neither the lawful nor the actual custody of the child for 9 months prior to July 26, 1951, her adoption petition was properly dismissed.
We recognize that in this particular case the salutary object of the statute requiring that the child be in the custody of the petitioner for 9 months prior to the entry of the adoption decree was fully realized. Anna Brown, whose devotion to this child is manifest, had the actual custody of the child from November 19, 1945 until March 23, 1951 under an adoption decree which constituted her the legal mother and vested in her custodial rights superior to all the world except Carl H. Adams, the natural father. Doubtless the General Assembly, in writing the 9-month requirement into the statute, did not contemplate the case of a petitioner in her plight. Adoption statutes, however, must be strictly complied with, Fienup v. Stamer, Mo.App., 28 S.W. 2d 437, and must be strictly construed in favor of the rights of natural parents in controversies involving the termination of the relationship of parent and child. In re Whatson's Adoption, 238 Mo.App. 1104, 195 S.W.2d 331; Application of Graham, 239 Mo.App. 1036, 199 S.W.2d 68. We cannot excuse petitioner from strict compliance with the statute as it is written or write exceptions into the statute.
We need not explore the effect of the failure of Anna Brown to procure a formal order of court transferring the custody of Karen Ann under RSMo 1939 § 9616 or RSMo 1949 § 453.110, V.A.M.S. Regardless of her failure to procure such an order, her custody of the child was not lawful in so far as Carl H. Adams is concerned, Adams v. Brown, supra, so that under the facts in this case her non-compliance with §§ 453.110 and 9616 could not have altered the legal situation.
There was no error. It is the recommendation of the Commissioner that the judgment be affirmed.
PER CURIAM.
The foregoing opinion of HOUSER, C., is adopted as the opinion of the court.
The judgment of the circuit court is, accordingly, affirmed.
BENNICK, P. J., and ANDERSON and RUDDY, JJ., concur.