472 P.2d 77

The BANK OF YUMA, an Arizona banking corporation, Appellant,

v.

ARROW CONSTRUCTION CO., an Arizona corporation, Appellee.

No. I CA–CIV 1097.

Court of Appeals of Arizona, Division 1.

June 29, 1970.

Rehearing Denied Aug. 3, 1970.

Review Granted Oct. 20, 1970.

John R. Hart, Yuma, for appellant.

Rolle & Jones, by H. Stewart Bradshaw, Yuma, for appellee.

KRUCKER, Judge.

Plaintiff, the Bank of Yuma, sued defendant, Arrow Construction Company, as assignee of payments under a subcontracting agreement between defendant and a subcontractor. The trial court, sitting without a jury, entered judgment in defendant's behalf and plaintiff appeals.

The relatively undisputed facts are as follows. Arrow Construction Company was the prime contractor for the construction of the Crescent Center Building in Yuma, Arizona. Edward Schnatzmeyer, dba Border Glass Company, was awarded a subcontract to do the glass work for $18,800. The Bank of Yuma made a loan to Schnatzmeyer and took as security for the payment Schnatzmeyer's right to the $18,800 payment from Arrow.

The construction work was satisfactorily completed. However, in lieu of payments by Arrow directly to the subcontracting parties, Arrow's financial backer, Investor's Diversified, placed all funds in the hands of an escrow agent, Phoenix Title. The escrow agent then issued checks to three payees, Arrow, Schnatzmeyer, and

the ultimate supplier, Pittsburgh Glass. Four checks covering the job in question were so issued, properly endorsed by all three payees, and apparently deposited to the Pittsburgh account in the Valley National Bank.

The Bank of Yuma never received any proceeds under this arrangement pursuant to its assignment and thus seeks payment here. It raises two basic issues on appeal:

1. By accepting the assignment in question, did not defendant become liable to plaintiff to the extent it has been paid and has control of the funds?

2. Was plaintiff guilty of laches?

To begin, we must note the following. The record and trial below make no showing as to who actually ended up with the funds in question. It is unclear whether defendant, Pittsburgh, or Schnatzmeyer ever got paid or why all concerned parties did not join this action. Neither the escrow instructions nor the original subcontracting contract are in the record. And it does not appear on the record, except by vague reference, whether or not Pittsburgh held a materialman's lien as to Schnatzmeyer's right to payments.

In the instant case, there exists an assignment of right to payments under a subcontracting contract. No one challenges the existence of either the underlying contract or the validity of the assignment. Also, there is some evidence that payments under the contract were made, although it is unclear whether Schnatzmeyer received any funds or not.

■■■ We believe, however, that the defendant here must pay the bank. If the debt has been paid by a third party to Schnatzmeyer, that is not a defense. 6 Am.Jur.2d Assignments § 96. The right to payments under the contract of employment was the bank's. In particular, we point out that any rearrangement of payment procedures apparently occurred after the assignment and thus cannot be imposed on plaintiff here as a defense. 6 C.J.S.

Assignments § 115. If the debt has not been paid to Schnatzmeyer, the contract work having been completed as all parties concede, then the bank can sue to enforce its right to payment. Valley National Bank of Arizona v. Byrne, 101 Ariz. 363, 419 P.2d 720 (1966).

■■■ We do not believe laches is a defense here as no evidence of prejudice was shown; the mere passage of time is not prejudice. Meyer v. Warner, 104 Ariz. 44, 448 P.2d 394 (1968). In addition, we do not believe there is a bookkeeping defense in the renewal of the note. Schnatzmeyer continues in debt, renewal notes notwithstanding, and the assignment is not a surety obligation which falls on specific conditions, it is an absolute right to payment if the debt is not otherwise paid.

Judgment reversed.

HOWARD, C. J., and HATHAWAY, J., concur.

Note: This cause was decided by the judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.