**Dawn MAERTZ, Plaintiff and Appellant,**

v.

**Darcella MAERTZ, Defendant and Appellee.**

**No. 910248–CA.**

Court of Appeals of Utah.

Feb. 25, 1992.

John Cummings, Ogden, for plaintiff and appellant.

Tim W. Healy, Ogden, for defendant and appellee.

Before BILLINGS, JACKSON and RUSSON, JJ.

## OPINION

JACKSON, Judge:

Plaintiff appeals the trial court's order upholding the validity of an adoption decree. We affirm.

## BACKGROUND

Three and one-half years following the grant of an adoption decree, Plaintiff, the natural mother of the minor child, brought action to set aside the decree, which had been granted to Defendant, Plaintiff's mother, when the child was less than two months old. Plaintiff claimed that her consent was not voluntary and that the court lacked jurisdiction because the decree was prematurely granted. The trial court merged the action with the original adoption proceedings. It then held that the natural mother's consent was knowingly and voluntarily given and did not result from fraud, duress, coercion or misrepresentation. The court also took under advisement Plaintiff's claim that the court lacked jurisdiction because it granted the adoption before the child had lived in the home of the adopting parent for six months, as required by Utah Code Ann. § 78–30–14(7) (1987) (the "in home" re-

quirement). After considering the matter, the court issued a final order in favor of Defendant, holding that the failure to wait six months did not invalidate the adoption. Plaintiff appealed, asserting her claim that the "in home" requirement is mandatory and jurisdictional. She has not contested the trial court's finding that her consent was voluntary.

Defendant argued that the statutory "in home" requirement is permissive, giving the court discretion to waive the six month period. Defendant also argued that the best interests of the child should be considered, and that equitable estoppel and laches should apply to bar Plaintiff's claim three and one-half years after the adoption was granted.

## JURISDICTION

■ According to the Utah Code as it existed at the time this adoption was granted, jurisdiction attaches when a person begins adoption proceedings by "filing a petition with the clerk of the district court in the district where the person adopting resides or with the juvenile court...." Utah Code Ann. § 78–30–7 (1987). Utah Code Ann. § 78–30–8 (1987) imposes the additional requirement that the adoptive parent and the child being adopted appear before the court, and that the adoptive parent agree that "the child shall be adopted and treated in all respects as his own lawful child." [1] Plaintiff does not assert that these procedural requirements for jurisdiction were not met at the time of adoption. Instead, she relies on Utah Code Ann. § 78–30–14(7). This subsection, as it existed at the time of the adoption, read in part: "No petition for adoption may be granted until the child has lived in the home of the adopting parents for six months." [2] Section 78–30–14 functions to impose safeguards and allow investigations to ensure the well-being of the adoptive family and child. [3] This section is not jurisdictional in nature. Consequently, we find that the original trial court had jurisdiction over the adoption proceeding.

## RELIEF FROM DECREE

■ We shall treat this action as a motion under Rule 60(b) of the Utah Rules of Civil Procedure, which governs the procedure by which a party may obtain relief from a judgment. Although Plaintiff framed her claim as a complaint which could have been treated as an independent action, an action may be treated as a motion when there is no prejudice to the opposing party. [4] By merging the present

---

**1.** *See also In re Adoption of M.L.T., Jr.,* 746 P.2d 1179 (Utah App.1987).

**2.** Utah Code Ann. § 78–30–14(7) (1987). The text of this subsection after the 1990 amendments now reads, in pertinent part:
A final decree of adoption may not be entered until the child has lived in the home of the adoptive parent or parents for six months. However, if the adoptive parent is the spouse of the birth parent, a final decree of adoption may not be entered until the child has lived in the home of that adoptive parent for one year.... This subsection shall not be construed to grant any rights to the birth parents of a child to assert any interest in the child during that six-month or one-year period.
Utah Code Ann. § 78–30–14(7) (Supp.1991). Although the parties focused their discussions on whether the statute wording is mandatory, we find nothing in the legislative history indicating that the legislature intended this six month "in home" requirement to be discretionary and do not reach that question.

**3.** The Missouri Supreme Court has discussed the purpose of that state's "in home" period:

"to provide a sufficiently long period prior to the adoption hearing to allow the foster parents and the child sought to be adopted to become thoroughly adjusted to each other in the prospective home and to provide time for investigation so that the court at the hearing may be fully informed as to the advisability of making the temporary placement permanent. The time period specified refers to the period immediately preceding the hearing."
*In re Novak,* 536 S.W.2d 33, 36 (Mo.1976) (quoting *In re Adams,* 248 S.W.2d 63, 66 (Mo.App. 1952)).

**4.** *Burrell v. Burrell,* 696 P.2d 157, 166 n. 19 (Alaska 1984); 7 James W. Moore, Moore's Federal Practice ¶ 60.38[3] (2d ed. 1991); 11 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2868, at 244 (1973) (discussing analogous provisions of the Federal Rules of Civil Procedure). Rule 60(b)'s saving clause states: "This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding or to set aside a judgment for fraud upon the court." This clause permits a court to

complaint into the original action, the trial court treated it as a motion in the original proceeding. We therefore consider the proceeding as a motion. *See Howard v. Howard,* 601 P.2d 931, 934 (Utah 1979) (holding that separate, independent action to vacate six-year old divorce decree, which trial court treated as a motion in the original proceeding, was properly dismissed as filed beyond the three-month statutory deadline imposed by Rule 60(b)).

We will reverse the trial court's denial of a motion to vacate the judgment only if the court has abused its discretion. *State Dep't of Social Servs. v. Vijil,* 784 P.2d 1130, 1132 (Utah 1989). A motion is subject to Rule 60(b)'s "reasonable time" limitation. *E.g., McGavin v. McGavin,* 27 Utah 2d 200, 494 P.2d 283, 284 (1972) (holding that a motion by an ex-husband to order a paternity blood test and set aside the divorce decree relating to custody and support, filed fourteen and one-half months after the divorce decree, was not filed within a "reasonable time" under Rule 60(b)). Accordingly, to obtain relief from the adoption decree, Plaintiff must have brought her action within a "reasonable time."

What constitutes a "reasonable time" depends upon the facts of each case, considering such factors as the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties. *Ashford v. Steuart,* 657 F.2d 1053, 1055 (9th Cir.1981). One purpose of the adoption statutes is to secure for the child a permanent, stable environment. *In re Adoption of M.L.T., Jr.,* 746 P.2d 1179, 1180 (Utah App.1987). This need for a stable environment creates a special need for finality in adoption proceedings. In a case similar to this, the Court of Appeals of Arizona affirmed the trial court's ruling that a challenge to a final adoption order, brought one year and five months after the

adoption was decreed, was not brought within the "reasonable time" period required by the Arizona Rules of Civil Procedure. *In re Adoption of Frantz,* 21 Ariz. App. 36, 515 P.2d 333 (1973). Quoting an earlier case, the court gave the reasons for the limitation:

> "First, we are convinced that a final order of adoption is a final judgment, subject to the same finality and standing as any other judgment of a court of competent jurisdiction. (Citation omitted.) This is necessary so that the myriad legal consequences which arise out of the relationship between parent and child, of which intestate succession and heirship is just one, may be applied with some degree of certainty. Moreover, from a strictly humanitarian standpoint, there must be an end to the emotional stress and strain that is involved in the natural parents' attempt to regain custody of their child. The strain is particularly acute to the adoptive child itself, who may have established strong bonds of affection and love for the adoptive parents, and to the adoptive parents who must suffer the spectre of losing their child. Also, sound reasons of public policy demand that orders of adoption have finality so as to encourage adoption of children who might otherwise be homeless."

*Id.* at 334–35 (quoting *In re Adoption of Hammer,* 15 Ariz.App. 196, 487 P.2d 417, 419 (1971)). A number of state statutes recognize this need for finality by imposing a one-year statute of limitations on all actions challenging adoption decrees. *E.g., In re Adoption and Change of Name of Walker,* 59 Or.App. 641, 652 P.2d 362, 364 (1982); *In re Novak,* 536 S.W.2d 33, 39 (Mo.1976). Although Utah has no statutory limitation period specific to adoptions, this court has recognized the need for finality in adoption proceedings. *See In re Adoption of Infant Anonymous,* 760 P.2d

provide relief for an independent action when warranted by established equitable principles, even though the time for making a motion under 60(b) has run. Equitable principles such as laches, rather than the Rule 60(b) time constraints, would apply to limit an independent action. *See, e.g., St. Pierre v. Edmonds,* 645 P.2d

615 (Utah 1982). Defendant pleaded laches as an affirmative defense below and on appeal. Although the laches theory is analogous to the 60(b) "reasonable time" requirement, we do not decide on the basis of laches, as the trial court did not rule on that basis.

916, 919 (Utah App.1988). In line with this need for finality, we hold that Plaintiff's action, brought three and one-half years after the adoption order was granted, was not brought within a "reasonable time" under Rule 60(b) of the Utah Rules of Civil Procedure.

We may affirm the trial court on any proper ground. *Weber v. Snyderville West,* 800 P.2d 316, 320 (Utah App.1990), *cert. denied,* 815 P.2d 241 (Utah 1991). Based on Plaintiff's failure to bring timely action, we hold that the trial court did not abuse its discretion in refusing to vacate the adoption decree. We thus affirm the ruling of the trial court.

BILLINGS and RUSSON, JJ., concur.