923 P.2d 863

**Theodore C. PHIPPS, Plaintiff–Appellant,**

v.

**CW LEASING, INC., Defendant–Appellee.**

**No. 1 CA–CV 95–0541.**

Court of Appeals of Arizona,
Division 1, Department B.

Aug. 29, 1996.

Lerch, McDaniel & Kaup, P.L.C. by Dean W. O'Connor, Phoenix, for Plaintiff–Appellant.

Law Offices of Patrick A. Plummer, P.C. by Patrick A. Plummer and Law Offices of Thomas M. Connelly by Thomas M. Connelly Phoenix, for Defendants–Appellees.

## OPINION

LANKFORD, Judge.

Theodore C. Phipps filed this action against the seller of a piece of property and the company that purchased it, seeking to enforce a right of first refusal in the property. Phipps appeals from the entry of summary judgment for the purchaser and from the trial court's denial of Phipps' motion to amend his complaint to add the State of Arizona as a party.

On October 8, 1990, William J. McCormick, the owner of the subject property, signed a document purporting to convey to Phipps a right of first refusal in the property. This document bears the signatures of McCormick and Phipps and provides as follows:

### AGREEMENT BETWEEN WILLIAM J. McCORMICK & THEODORE C. PHIPPS

This is to confirm that Theodore C. Phipps has first right of refusal, in the event a contract to purchuse [sic] the real property located on 701—719 S. Mill Av; Tempe, Az. a/k/a Assessor # 132–27–140, 132–27–142A, and 132–27–143 is made and considered for actual sale by William J. McCormick.

Phipps neglected to have the document recorded until August 3, 1993. The recorded document lacked a certificate of acknowledgment, and no contention is made that the document ever was acknowledged. See A.R.S. § 33–505 (1990) (a certificate of acknowledgment certifies that the notary public knew or had evidence that the person signing the document is the person named in the document).

On March 29, 1994, one day prior to a financial institution's planned foreclosure on McCormick's interest in the property, CW Leasing ("CWL") purchased the property from McCormick for $263,251.72. McCormick sold it to CWL without first offering to sell to Phipps at that price.

The pending forfeiture necessitated speedy action, so CWL purchased the property without a title search. At the time of the purchase, no one acting on behalf of CWL had any knowledge of Phipps' purported right of first refusal.

Phipps learned that the property had been sold and that CWL had purchased it in March 1994. Phipps contacted CWL regarding his alleged right of first refusal in October, 1994 and then filed this action against McCormick and CWL in November.

CWL moved for summary judgment, arguing that Phipps' claim was flawed because he had failed to properly record the right of first refusal. The trial court granted summary judgment. The trial court determined from the relevant Arizona statutes that the document containing the right of first refusal was one requiring proper acknowledgment. As a result, the mere recording of the right of first refusal without acknowledgment did not provide constructive notice to CWL, who was a bona fide purchaser for value and who had purchased without actual notice.

The trial court entered a written judgment for CWL, including language of finality pursuant to Rule 54(b) of the Arizona Rules of

Civil Procedure. Before this judgment was entered, Phipps filed a motion to amend his complaint to add the State of Arizona as a party to this proceeding. The State had recently filed an action to forfeit the subject property, charging persons associated with CWL with violation of Arizona's Racketeering Act, A.R.S. § 13–2301 *et seq.*, and Phipps contended that the State had thereby become an indispensable party to this litigation. The trial court denied the motion to amend prior to entering the formal written judgment for CWL.

Phipps appeals from the summary judgment entered for CWL and from the denial of his motion to amend the complaint to add the State as a party.

■ Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Orme School v. Reeves,* 166 Ariz. 301, 305, 802 P.2d 1000, 1004 (1990). We review the propriety of summary judgment de novo. *Hawkins v. Department of Econ. Sec.,* 183 Ariz. 100, 103, 900 P.2d 1236, 1239 (App.1995). We also review issues of statutory interpretation de novo. *Id.*

Appellant Phipps does not contend that summary judgment for CWL is precluded by the existence of any disputed issue of material fact. The only issue is this: Did the trial court properly interpret the statutes governing the recording of instruments to find that an acknowledgment was required?

■ As a preliminary matter, we note that a "right of first refusal" is recognized under Arizona law as a contractual right to require the owner "when and if he desires to sell the premises, to first offer them to [the person given the right of first refusal] at the same price offered by the third person." *Meyer v. Warner,* 104 Ariz. 44, 47, 448 P.2d 394, 397 (1968). If the person given this right refuses to meet the bona fide offer, the owner can sell the property to the offeror. *Id.* The owner must give some notice to the person who has this right of his intention to sell and the terms of the offer. *Id.* The right of first refusal, thus, is a pre-emptive right which becomes an option to purchase when

the owner has elected to sell. *Mercer v. Lemmens,* 230 Cal.App.2d 167, 40 Cal.Rptr. 803 (1964). A property owner is liable for damages if he conveys to a third person without honoring the right of first refusal. *Dunlap v. Fort Mohave Farms,* 89 Ariz. 387, 391, 363 P.2d 194, 197 (1961). Moreover, a buyer with actual or constructive notice of the right of first refusal takes the land subject to the right of first refusal and may also be subject to damages or specific performance. *Id.*

It is undisputed that no one acting on behalf of CWL had actual notice of Phipps' purported right of first refusal. The only question is whether or not constructive notice may be imputed to CWL. This court has previously defined "constructive notice" as follows:

> "Constructive notice" is the inference of knowledge of the fact in question by operation of law, as under a recording statute. "Constructive notice" is neither notice nor knowledge but is a policy determination that under certain circumstances a person should be treated as if he had actual notice.

*Main I Ltd. Partnership v. Venture Capital Const. and Dev. Corp.,* 154 Ariz. 256, 259, 741 P.2d 1234, 1237 (App.1987) (Citations omitted.)

In deciding whether or not constructive notice should be imputed to CWL, our first step is to determine whether a right of first refusal must contain an acknowledgement for its recording to serve as constructive notice. Phipps concedes that the recording statutes provide that certain types of instruments must be acknowledged in order for their recording to serve as constructive notice. He argues, though, that only deeds of conveyance must be acknowledged, and that because his right of first refusal was not a deed of conveyance, it need not be acknowledged.

■ While we agree that a right of first refusal is merely a contract right and not a deed of conveyance, we do not agree that the acknowledgment requirement found in the recording statutes is limited to deeds of conveyance. Phipps' argument is based on Ariz. Rev.Stat. Ann. ("A.R.S.") sections 33–401(B)

and 33–412(A). These sections specify that deeds or conveyances of real property must be duly acknowledged and will be void as to subsequent purchasers unless properly acknowledged.

 Other provisions, however, contain much broader language. A.R.S. section 33–411 provides:

A. No instrument affecting real property gives notice of its contents to subsequent purchasers ... for valuable consideration without notice, unless recorded as provided by law in the office of the county recorder of the county in which the property is located.

B. An instrument shall not be deemed lawfully recorded unless it has been previously acknowledged in the manner prescribed in this chapter. . . .

Because an instrument providing a right of first refusal is an "instrument affecting real property," A.R.S. section 33–411 requires it to be acknowledged. Because the right of first refusal involved here failed to contain an acknowledgment, its recording did not provide constructive notice to CWL.

Phipps cites the cases of *Carley v. Lee*, 58 Ariz. 268, 119 P.2d 236 (1941) and *Watson Const. Co. v. Amfac Mortgage Corp.*, 124 Ariz. 570, 606 P.2d 421 (App.1979), as holding that once an instrument is recorded, it gives constructive notice to the world even if the recording is defective. The defect referred to in those cases was the failure to properly title the document recorded. The cases did not involve an express requirement of the recording statutes. These cases are inapplicable.

Phipps also points out that A.R.S. section 11–480(E) provides that "[a]ny instrument accepted for recordation is not subject to a later claim of invalidity for failure to comply with the requirements of this section." He argues that the recorder's acceptance of the document for recordation cured any defect in his failing to have it acknowledged.

 Under the express language of A.R.S. section 11–480(E), however, the acceptance of an instrument for recordation excuses only the failure to comply with the requirements set forth in the other subsections of that particular statute, which deal mainly with stylistic requirements. A.R.S. section 11–480(E) does not excuse failure to comply with the acknowledgment requirement.

As a final argument, Phipps contends that pursuant to A.R.S. section 33–411(C), his failure to have the document acknowledged did not prevent the recording of the document from furnishing constructive notice under the facts of this case. A.R.S. section 33–411(C) provides:

For purposes of this section, an instrument affecting real property containing any defect, omission or informality in the certificate of acknowledgment and which has been recorded for longer than one year in the office of the county recorder of the county in which the property is located shall be deemed to have been lawfully recorded on and after the date of its recording.

The instrument had been recorded for less than a year when CWL purchased the property and therefore did not provide constructive notice at that time. Phipps argues, however, that after the year passed the instrument was deemed to have been lawfully recorded on and after the date of its recording, and therefore that the Court must conclude that it did provide constructive notice to CWL.

 We reject this contention. To construe the statute as giving constructive notice to someone who was treated as having no constructive notice at the time of the purchase would be an unfair result which was surely not intended by the Legislature. Statutes must be given a sensible construction which accomplishes the legislative intent behind them and which avoids absurd results. *Collins v. State*, 166 Ariz. 409, 803 P.2d 130 (App.1990). We believe the only fair and sensible construction of the statute is that the document is deemed to have been lawfully recorded on and after the date of its recording as to anyone purchasing after the year's period, but not as to someone who purchased during that period.

Phipps argues that this interpretation is belied by additional language that the Legislature placed in the bill when this provision was being enacted. The bill provided:

Sec. 4. Applicability

Section 33–411, Arizona Revised Statutes, as amended by this act, is applicable to any legal action involving an instrument affecting real property if the legal action is filed after the effective date of this act and if the instrument has been recorded for more than one year, as provided in section 33–411, subsection C, Arizona Revised Statutes, as amended by this act.

*See* Laws 1990, ch. 23, section 3 and Historical and Statutory Notes following A.R.S. section 33–411. Phipps argues that this provision shows that the Legislature meant for the statutory change to apply in this case in which an action was not filed until after the statute had been enacted and more than a year after the instrument had been recorded.

We disagree. The language on "applicability" merely shows that the statutory change is not to apply retroactively to litigation filed before the date the statutory change was to take effect. It does not indicate that the statute applies to a purchaser such as CWL who had no constructive notice at the time of its purchase.[1]

For these reasons, we conclude that the recording of the right of first refusal did not provide constructive notice to CWL. Because CWL was a bona fide purchaser for value without actual or constructive notice, the trial court correctly granted summary judgment to CWL.

■ As a final matter, we examine Phipps' contention that the trial court erred in denying his request to amend the complaint to add the State as a party to the litigation. The trial court did not explain its reasoning in denying the motion to amend, but the only reason for adding the State would be to prevent Phipps from losing his ability to obtain specific performance against CWL. Once the trial court determined that Phipps was not entitled to any relief against CWL, the request to add the State as a party was moot and properly denied on that basis. Because we affirm the trial court's grant of summary judgment to CWL, we also affirm the denial of the motion to add the State as a party on mootness grounds.[2]

Both parties requested attorney's fees on appeal pursuant to A.R.S. § 12–341.01(A) should they prevail. In the exercise of our discretion, we award attorney's fees to CWL, the successful party to the appeal, in an amount to be determined upon its compliance with the requirements of Rule 21(c) of the Arizona Rules of Civil Appellate Procedure.

For the reasons explained in this opinion, we affirm the trial court's grant of summary judgment to CWL. Phipps' right of first refusal cannot be enforced against CWL, a bona fide purchaser for value who purchased without actual or constructive notice. We also affirm the trial court's denial of the motion to amend the complaint to add the State as a party, upholding this ruling on grounds of mootness. ·

WEISBERG, P.J., and VOSS, J., concur.

---

1. The situation in this case may not even fall within the language of A.R.S. section 33–411(C). The statute addresses a "defect, omission or informality in the certificate of acknowledgment." This is distinguishable from this case where no acknowledgment took place. The Legislature may have merely meant to address mistakes made by the notary rather than the failure to obtain any acknowledgment.

2. As a preliminary matter, it is necessary to determine whether this Court has jurisdiction to decide this issue. In deciding this, two potential problems arise. First, there was no signed order expressly ruling on this motion. The denial of the motion to amend the complaint was made in an unsigned minute entry. Second, some claims in this litigation were still pending when the motion to amend the complaint was denied. The

denial of a motion to amend the complaint is not an appealable order until final judgment is ordered. *See Dollar A Day Rent A Car Systems v. Superior Court,* 107 Ariz. 87, 89, 482 P.2d 454, 456 (1971).

Despite these problems, it can be determined that this court does have jurisdiction to consider the motion to amend. The motion to amend relates only to the portion of the case concerning the case against CWL. The judgment for CWL is a final judgment since it contains Rule 54(b) language. Also, the denial of the motion to amend was implicitly included in the final judgment for CWL even though there is no express mention of it in the judgment. Therefore, the ruling can be found to be substantively and formally appealable.