NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

JENNIFER ROVEN TANNER,
*Plaintiff/Appellee,*

*v.*

WOLOSZYN INVESTMENTS, LLC,
*Defendant/Appellant.*

WOLOSYN INVESTMENTS, LLC,
*Third-Party Plaintiff/Appellant,*

*v.*

TIM N. MCDANIELS and JANE DOE MCDANIELS, husband and wife;
MICHELE LUNDY and JAMES LUNDY, wife and husband;
MOUNTAIN DESERT LIVING, LLC, an Arizona limited liability
company dba REALTY ONE GROUP, MOUNTAIN DESERT; JAMES W.
WITT and BARBARA J. WITT, husband and wife; ALEJANDRO
GUTIERREZ and JANE DOE GUTIERREZ, husband and wife;
DON DICKINSON and JANE DOE DICKINSON, husband and wife;
RUSS LYON LLC, an Arizona limited liability company dba
RUSS LYON SOTHEBY'S INTERNATIONAL REALTY,
*Third-Party Defendants/Appellees.*

No. 1 CA-CV 21-0239
FILED 6-15-2023

Appeal from the Superior Court in Coconino County
No. S0300CV201900550
The Honorable Dan R. Slayton, Judge

**REVERSED AND REMANDED**

COUNSEL

Matthew J. Mansfield, PLLC, Flagstaff
By Matthew J. Mansfield
*Counsel for Plaintiff/Appellee*

Provident Law, Scottsdale
By Erik W. Stanley, Philip A. Overcash
*Counsel for Defendants/Appellants*

**MEMORANDUM DECISION**

Judge D. Steven Williams delivered the decision of the court, in which Presiding Judge Cynthia J. Bailey and Chief Judge Kent E. Cattani joined.

**W I L L I A M S**, Judge:

**¶1** Woloszyn Investments and its members, Wojciech Woloszyn and Theresa Woloszyn (collectively, "Woloszyn"), appeal the superior court's entry of declaratory judgment in favor of Jennifer Tanner. Woloszyn contends the court erred in finding the Broken Arrow Hills Declaration of Covenants, Conditions, and Restrictions ("CC&Rs") valid and enforceable against their property. For the following reasons, we reverse the judgment of the superior court, including its award of attorneys' fees and costs, and remand for further proceedings consistent with this decision.

## FACTUAL AND PROCEDURAL HISTORY

**¶2** Tanner owned an undeveloped 3.21-acre parcel on Cypress Drive in Sedona. In 1995, Tanner divided the land into three parcels ("Parcel A," "Parcel B," and "Parcel C"). Around the same time, Tanner purportedly created the CC&Rs imposing restrictions on all three parcels. As relevant here, the CC&Rs prohibit renting the properties as short-term vacation rentals.

**¶3** Tanner and her now-deceased husband signed and dated the CC&Rs. The Tanners' signatures reflect a signing date of September 21, 1995, but their signatures were not notarized, and the document was not recorded until November 1997. Tanner concedes the CC&Rs were not acknowledged.

**¶4**        In 1996, before recording the CC&Rs, Tanner sold Parcel C to John and Sharon Merz ("Merz"). At some point, Tanner provided Merz a copy of the unrecorded CC&Rs.

**¶5**        Merz split Parcel C into two parcels ("75 Cypress Drive" and "80 Cypress Drive") and sold 80 Cypress Drive to Janice and James Witt ("Witt"). Merz apparently provided Witt a copy of the unrecorded CC&Rs before the close of escrow. Several months later, Tanner recorded the CC&Rs.

**¶6**        In 2006, Witt, through their attorney, requested that Tanner remove the CC&Rs from their property. Witt alleged that Tanner recorded the CC&Rs without their consent. Witt also challenged the validity of the CC&Rs given the absence of notarization. Tanner refused Witt's request, asserting Witt knowingly accepted the CC&Rs prior to the close of escrow.

**¶7**        In 2019, Witt sold 80 Cypress Drive to Woloszyn. In their property disclosure statement, Witt disclosed: "We purchased our property on April 25, 1997. In November of 1997, Jennifer Tanner, a neighbor, recorded CC&Rs on our property, which we did not sign." Woloszyn apparently did not receive a copy of the CC&Rs prior to the close of escrow and the title commitment documents did not refer to the CC&Rs. Shortly after purchasing the property, Woloszyn began renting it as a short-term vacation rental.

**¶8**        Tanner filed a complaint for: (1) declaratory judgment —seeking a judicial declaration that the CC&Rs are valid and enforceable, and (2) a permanent injunction—requesting a court order requiring Woloszyn to cease and desist short-term vacation rentals. In response, Woloszyn argued, as an affirmative defense, that the CC&Rs failed to comply with statutory requirements.

**¶9**        Before discovery, Tanner moved for judgment on the pleadings, arguing the CC&Rs, though not notarized, were nonetheless validly recorded and statutorily compliant. The superior court granted Tanner's request for declaratory relief as to the validity of the CC&Rs but denied her request for a permanent injunction.

**¶10**        Woloszyn timely appealed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. § 12-2101(A)(1).

**DISCUSSION**

**¶11**         A plaintiff is entitled to judgment on the pleadings if the complaint sets forth a claim for relief and the defendant's answer fails to assert a legally sufficient defense. *See Walker v. Estavillo*, 73 Ariz. 211, 215 (1952). In reviewing a plaintiff's motion for judgment on the pleadings, we consider the allegations of the complaint and the answer and accept as true the factual allegations of both pleadings. *Neiderhiser v. Henry's Drive-In, Inc.*, 96 Ariz. 305, 308 (1964). We review the court's conclusions of law *de novo*. *Save our Valley Ass'n v. Ariz. Corp. Comm'n*, 216 Ariz. 216, 218-19, ¶ 6 (App. 2007).

**¶12**         In Arizona, "[n]o instrument affecting real property gives notice of its contents to subsequent purchasers . . . for valuable consideration without notice, unless recorded as provided by law." A.R.S. § 33-411(A) (1990).[1] In other words, an instrument binds a subsequent purchaser for value only if the purchaser had actual or constructive notice. *See Manicom v. CitiMortgage, Inc.*, 236 Ariz. 153, 156, 158, ¶¶ 8, 16 (App. 2014) (as corrected) (distinguishing between actual and constructive notice and explaining that "[a] recorded deed provides constructive notice.").

**¶13**         Here, by finding Tanner lawfully recorded the CC&Rs, the superior court implicitly determined that Woloszyn was bound by them based on constructive notice. The court, however, did not find that Woloszyn had actual notice of the CC&Rs.

**¶14**         To be lawfully recorded, deeds, conveyances, and instruments affecting real property must be acknowledged. A.R.S. § 33-401(B) (deeds and conveyances); A.R.S. § 33-411(B) (instruments affecting real property); *Phipps v. CW Leasing, Inc.*, 186 Ariz. 397, 400−01 (App. 1996). "An instrument shall not be deemed lawfully recorded unless it has been previously acknowledged." A.R.S. § 33-411(B).

**¶15**         Prior to July 1, 2022, both § 33-401(D), the subsection applicable to deeds and conveyances, and § 33-411(C), the subsection applicable to instruments affecting real property, provided that recordings with defects in the acknowledgment could be cured by the passage of time.

---

[1] The relevant language of this statute was added in 1990. 1990 Ariz. Sess. Laws 84. It remained unchanged until July 2022. 2021 Ariz. Sess. Laws, Ch 66, §§ 6, 25. Unless otherwise stated, we cite to the 1990 version of the statute. Section 33-401 was also amended in 1990, 2010, and 2022. Any reference to § 33-401 is to the 2010 version.

A.R.S. § 33-401(D) (10 years); A.R.S. § 33-411(C) (1 year). Because the CC&Rs were not created or recorded by way of deed or conveyance, A.R.S. § 33-411(C) governs.[2]

**¶16**        Under § 33-411(C), "an instrument affecting real property containing any defect, omission or informality in the certificate of acknowledgment and which has been recorded for longer than one year . . . shall be deemed to have been lawfully recorded on and after the date of its recording." In other words, under this savings clause, an instrument affecting real property that has a deficient acknowledgment may be cured, and therefore considered lawfully recorded, after the passage of one year.[3]

**¶17**        The parties dispute whether the savings clause applies here because, as Tanner concedes, the CC&Rs were not acknowledged at all. We review *de novo* issues of statutory interpretation and application. *Obregon v. Indus. Comm'n*, 217 Ariz. 612, 614, ¶ 9 (App. 2008).

**¶18**        "Statutory interpretation requires us to determine the meaning of the words the legislature chose to use," *S. Ariz. Home Builders Ass'n v. Town of Marana*, 522 P.3d 671, 676, ¶31 (Ariz. 2023), including giving meaning "to every word and provision so that no word or provision is rendered superfluous," *Nicaise v. Sundaram*, 245 Ariz. 566, 568, ¶ 11 (2019). "Absent ambiguity or absurdity, our inquiry begins and ends with the plain meaning of the legislature's chosen words . . . ." *Welch v. Cochise Cnty. Bd. Of Supervisors*, 251 Ariz. 519, 523, ¶ 11 (2021) (quotations omitted).

**¶19**        Reading the relevant statutory provisions together, an instrument affecting real property is not binding on subsequent purchasers (absent actual notice) unless lawfully recorded; an instrument is "not lawfully recorded unless it has been previously acknowledged"; and a "defect, omission or informality *in the certificate of acknowledgment*" may be

---

[2] The superior court relied on § 33-401, the statute governing the recordation of deeds and conveyances.

[3] The current version of § 33-411(C) eliminates the one-year recording provision and provides that "an instrument that affects real property containing any defect, omission or informality in the certificate of acknowledgment, or for which there is any failure to perform a duty or meet a requirement in the taking of the acknowledgment, and that has been recorded in the office of the county recorder of the county in which the property is located shall be deemed to have been lawfully recorded on and after the date of its recording."

cured after the passage of one year. A.R.S. §§ 33-411(A)–(C) (Emphasis added).

¶20        Section 33-411(C) appears to assume a document has been acknowledged (as required under § 33-411(B)), but that the certificate of acknowledgement contains some type of deficiency. Nothing in these provisions excuses a signor from the express requirement of obtaining an acknowledgment. Indeed, reading out the acknowledgement requirement renders the "lawfully recorded" language in subsection B surplusage, which we will not do.[4] Apart from a plain reading of the relevant statutes, this interpretation is also supported by dicta in *Phipps*, 186 Ariz. at 401–02, a case in which this court rejected an attempt to apply the savings provision under § 33-411(C) on the basis that the document in question had been recorded less than a year before it was challenged. The *Phipps* court further noted, however, that a recorded document containing no acknowledgment whatsoever "may not even fall within the language of A.R.S. § 33-411(C)." *Id.* at 402 n.1; *see also Manicom*, 236 Ariz. at 159, ¶ 22 (citing *Phipps* and distinguishing between "partial errors . . . and wholesale omissions" in recorded documents); *Lewis v. Herrera*, 208 U.S. 309, 315 (1908) (noting that, under Arizona law, "it is imperative that the deed should be signed and acknowledged before a proper officer").

¶21        In this case, we adopt the reasoning suggested by the dicta in *Phipps* and hold that, because the CC&Rs contained no acknowledgment, they do not fall within § 33-411(C). Absent the required acknowledgment, the CC&Rs were not properly recorded. Woloszyn, therefore, did not have constructive notice of their existence. Accordingly, the superior court erred by awarding judgment as a matter of law on this basis. Because issues of law preclude judgment, we need not address Woloszyn's argument that issues of fact also preclude judgment.

---

[4] The "lawfully recorded" requirement under § 33-411(B) would clearly be surplusage under the current version of § 33-411(C) if recording a document renders it valid immediately upon recordation. Under the current version of subsection (C), the superior court's reasoning would dictate the conclusion that it is never necessary to obtain an acknowledgment, because a document becomes valid "on and after the date of its recording."

**CONCLUSION**

**¶22** For the foregoing reasons, we reverse the judgment of the superior court, including its award of attorneys' fees and costs, and remand for further proceedings consistent with this decision.



AMY M. WOOD • Clerk of the Court
FILED: AA